[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a dispute between the plaintiff, Kaufman Pump Tank, Inc. (Kaufman), an installer of underground gasoline tanks, and the defendants, WGM Corporation (WGM) and GMW Partners (GMW), owner and lessee, respectively, of property at 780 South Pacific Street, Stamford. The premises had been used as a gas station for many years, and in 1989 the plaintiff and GMW entered into a written contract pursuant to which the plaintiff installed three 10,000 gallon underground gasoline tanks, and removed two existing 1,000 gallon tanks.
The plaintiff commenced this suit alleging that it was owed money on the contract. The defendants counterclaimed and alleged that during the course of plaintiff's excavating and installing the tanks, it had caused damage to an existing structure on the premises. The matter was referred to Attorney Trial Referee Alfred H. Hoddinott, Jr., Esq., pursuant to General Statutes § 52-434(a) and Practice Book § 428. The attorney trial referee recommended that judgment enter in favor of the plaintiff on the ground that it had satisfactorily performed its obligations under the contract, and that it had not caused damage to the building on the subject premises as contended by the defendants. The referee recommended that a judgment enter in favor of the plaintiff in the total amount of $18,510, after first crediting a payment of $26,000 by GMW, as CT Page 168 well as reimbursement for a delay in completing the project and adding prejudgment interest pursuant to General Statutes § 37-3a. The defendants filed a motion to correct, as authorized by Practice Book § 438, but the referee declined to make any corrections to his report.
The defendants subsequently moved (#120) to reopen the trial for the submission of additional evidence to the attorney trial referee. The additional evidence relates to an inspection of the subject gas station by Getty Oil Company to test compliance with new federal environmental standards regarding vapor recovery. The new standards were to become effective on November 15, 1994, for gas stations such as the one operated by defendant GMW, and the inspection took place in the fall of 1994, after the trial by the referee had been completed. The defendants claim that the Getty inspector advised them that the installation of the tanks and related equipment by the plaintiff violated the applicable environmental regulations, and that they had no reason to believe that the installation of the gas tanks by the plaintiff in 1989 allegedly failed to comply with all such standards. In deciding whether the trial should be reopened on the basis of newly discovered evidence, the court must determine "if such evidence is, in fact, newly discovered, will be material to the issue . . . could not have been discovered and produced, on the trial which was had, by the exercise of due diligence, is not merely cumulative and is likely to produce a different result." (Internal quotation marks omitted.) Burr v. Lichtenheim, 190 Conn. 351, 355, 460 A.2d 1290
(1983). After conducting a hearing on this subject, the court is satisfied that the defendants demonstrated the requisite "due diligence" to warrant the introduction of new evidence. They had no reason to investigate the ability of the system installed by the plaintiff to comply with the applicable vapor recovery standards at the time of the trial in early 1994, as compliance therewith was not required until November of 1994. The next step, therefore, is for the attorney trial referee to review the new evidence and to consider its relevance to the result recommended in his report to the court. Thus, this case is remanded to the referee for the sole purpose of permitting the defendants to introduce new evidence regarding compliance with the new environmental requirements relating to gas stations, and then to report to the court, by way of a supplemental report, the materiality, if any, of such evidence.
The Caseflow Office will coordinate the time and date for the resumption of this trial with the attorney trial referee and CT Page 169 counsel.
So Ordered.
Dated at Stamford, Connecticut this 5th day of January, 1994.
WILLIAM B. LEWIS, JUDGE